Montgomery et al. *v.* Continental Southern Lines, Inc.

No. 41915          June 12, 1961          131 So. 2d 432

*Berger, Callon & Zuccaro, Johnson & Johnson, Gwin & Kuehnle,* Natchez, for appellants.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *Dent, Ward, Martin & Terry,* Vicksburg; *Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

Jones, J.

The jury found that appellees were guilty of no negligence which proximately caused or contributed to the death of Charles Robert Montgomery, the husband and father of appellants.

He died as the result of a collision between a chartered bus and the automobile driven by him on Highway 61 between Port Gibson and Vicksburg about 4:45 P.M. on January 16, 1959. Appellants' claim was based on the last clear chance doctrine. The bus was travelling

north; the decedent, south. The highway runs generally north and south but at the point of the collision there was a slight curve which would be to the right of one coming from the north.

It is conceded that the collision occurred in the east traffic lane, which was the proper lane for the bus. It is contended, however, that the bus driver saw, or should have seen, the decedent driving in the wrong lane and that he could or should have been able to avert the accident.

It is conceded that the collision occurred a short distance north of a concrete bridge; that there were guards on each side of the road, and considerable drops on each side of the road. The bus driver testified that he saw the decedent some distance ahead and then saw him as his left front wheel came upon the center line and then crossed it; that he, the driver, put his foot on the brake; that he expected the driver of the oncoming car to turn back into his lane; that it was not unusual to see approaching cars do this; that when it finally became evident that he would not get back into the right hand lane, he, the driver, immediately applied his brakes with full force, but the two vehicles collided, knocking the driver of the bus out of his seat and the bus then ran across the highway in a northwesterly direction upon a bank. The decedent's car was turned completely around; the decedent was thrown out and died shortly thereafter. The driver testified that it happened so quickly he did all he could do, although he admitted he did not blow his horn. He stated that when he was applying the brakes in an emergency, in order to control the bus, it was essential to have both hands on the wheel. All the evidence indicated that the decedent was driving approximately 60 miles an hour prior to and at the time of the accident.

Mr. Claude Porter, a witness for appellants, was on the front seat of the bus. He was one of the coaches

with the basketball teams which were travelling on the chartered bus to Vicksburg. He put the speed of the bus at about 55 miles per hour. He saw the car on the wrong side of the road; saw it get completely over on the bus's side; saw nothing to prevent the car from turning back to the right; his estimate of the decedent's speed was 60 miles per hour or more; said he noticed when the car first came in sight the driver of the bus touched the brakes to slow down slightly, but that he, Porter, was so excited he could not say whether the brakes of the bus were later applied in emergency.

Mr. James E. Storment, at the time of the accident, was travelling in his car about 400 to 500 feet behind the car of the decedent. This witness saw the accident and was disinterested. He corroborated the driver of the bus with reference to the decedent's car crossing into the east lane and stated that when the right wheels of the decedent's car crossed the center line the car was approximately 100 feet from the point of impact, and that the front end of the bus "seemed to set down just before the point of impact." Of course, it is readily seen that all of this occurred in a matter of seconds.

Appellants raise no question as to the admission of any evidence, nor as to any instructions. The sole question presented is the weight of the evidence, appellants contending that the verdict of the jury was contrary to the overwhelming weight thereof. The various issues were submitted to the jury on proper instructions. The question as to whether the driver was negligent in failing to sound the horn, the question as to the stopping or slowing down, the question of an emergency, and the question of negligence generally on the part of the driver, were all submitted to the jury under proper instructions. The case was well tried, the instructions were ample, and the jury decided that the appellees were guilty of no negligence. The lower court overruled a motion for a new trial on the same ground

as here presented. We think the jury had ample evidence to support its verdict and the case is therefore necessarily affirmed.

Affirmed.

*Lee, P.J.,* and *Kyle, Ethridge* and *Rodgers, JJ.,* concur.